UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:94-CV-1850 (CEJ) ) |
| EARL E. WEHMEIER CONCRETE CONTRACTOR, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On February 8, 2006, plaintiffs filed a motion for revival of a judgment entered against defendant on April 16, 1996. On February 13, 2006, the Court ordered defendant to show cause, no later than March 15, 2006, why plaintiffs' motion should not be granted. The Court also directed plaintiffs to "promptly serve a copy of th[e] Order upon defendant in accordance with Rule 4, Fed.R.Civ.P., and . . . file proof of service of this Order with the Clerk of Court." Plaintiffs did not file proof of service of the Court's order upon the defendant and, on March 24, 2006, the Court denied plaintiffs' motion to revive the judgment.

Plaintiffs have now provided proof that defendant was served on February 19, 2006, and move the Court to reconsider its denial of the motion to revive judgment. Plaintiffs also provide a March 14, 2006 letter from Michael Wehmeier, the defendant's president, indicating that he has made payments on the judgment and intends to pay the balance. The Court will deem Mr. Wehmeier's letter as a response to the show cause order, consenting to revival of the judgment.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Rule 69, Fed.R.Civ.P., requires that "the procedure on execution [of a judgment] . . . shall be in accordance with the practice and procedure of the state in which the district court is held." Rule 69(a). Rule 74.09(a), Mo.R.Civ.P., provides that, "A judgment may be revived by order of the court that entered it pursuant to a <u>motion for revival filed by a judgment creditor within ten years</u> after entry of the judgment or the last prior revival of the judgment or the last prior revival of the judgment." (emphasis added). Section 516.350.1, Mo.Rev.Stat., provides that "every judgment . . . shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof . . . or in case a payment has been made on such judgment, order, or decree and duly entered upon the record thereof, after the expiration of ten years from the last payment so made." Examination of the record indicates that $12,390.85 was paid between January 29, 1997, and July 16, 1997. The judgment of April 16, 1996 has not expired, therefore, and can be revived.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for reconsideration [#84] is **granted.**

**IT IS FURTHER ORDERED** that the plaintiffs' motion to revive judgment [#80] is **granted.**

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com